HEARD NOVEMBER TERM, 1875.

PRINGLE *vs.* SIZER.

Where there arc several orders of the Circuit Court and a party appeals from later orders, leaving the first unaffected by his appeal, he is assumed to admit its correctness, and cannot, after the appeal is decided, go back to the first order and make that the subject of another appeal.

BEFORE MACKEY, J., AT LANCASTER, MARCH TERM, 1875.

After the decision of the Supreme Court at April Term, 1870, (reported 2 S. C., 64,) His Honor Judge Thomas, on October 11th, 1870, made the following order:

"It is ordered that upon˙ the payment into Court of the sum of $50, to be applied, under the decree of the Supreme Court, to the claim of Chafee, St. Amand & Croft, and the further payment by the defendants of their own costs already incurred in this case, the bill be dismissed, unless within thirty days from the date of this order the proper parties representing the said claim of Chafee, St. Amand & Croft file an amended bill against the defendants to recover any further sum which they may consider due upon said claim under the terms of the said decree. That upon the dismissal of the bill, in accordance with the terms of this order, and the payment of the costs then remaining, by the proper parties representing the claim of Chafee, St. Amand & Croft, that the Clerk ˌpay to them the sum paid into Court under the terms of this order."

Four other orders were afterwards made in the cause—from the two last, two of which dated one February 28, and the other May 22, 1874, an appeal was taken by Thomas H. Croft, representing the firm of Chafee, St. Amand & Croft. The appeal was heard in December, 1874, and the decision filed February 28, 1875. It is as follows:

MOSES, C. J. The principal case was heard at April Term, 1870. Its judgment was the law of it. If the firm represented by Chafee, one of the plaintiffs, lost the benefits to which it was thereunder entitled, it was through its acquiescence in the order made by Judge Thomas on the 11th of October, 1870. Its failure to carry out the decree of this Court was too apparent to be mistaken, and yet no appeal was taken to correct the error.—See *Pringle* vs. *Sizer*, 3 S. C., 337. The enforcement of the decree, by the very terms of

it, depended on the action of the firm—the party having the real interest—and if it has lost any benefit which it might have derived from it, the result has been the consequence of its own inaction.

If the order of Judge Thomas, not corrected because of the default of the party now complaining, until reversed remains of force, all the subsequent orders made by the Circuit Judge are irregular and must be set aside. We, too, are estopped from interposing by its existing force and effect, no appeal having been taken from it.

A *remittitur* of the Court, dated March 4, 1875, was sent by the Clerk to the Circuit Court, and thereupon the following order, dated March 11, 1875, was made by His Honor Judge Mackey:

"Thomas H. Croft, as survivor aforesaid, having appealed to the Supreme Court from the judgment of this Court, and said Supreme Court having refused the motion of appellant: Now, on reading and filing the *remittitur* from the said Supreme Court, and on motion of R. E. Allison, attorney for the respondent, it is ordered that the judgment of the Supreme Court be, and the same is hereby, made the judgment of this Court, and that the respondent, Bela Sizer, have execution for the costs that have accrued thereon. And the Clerk is hereby ordered to apply any money paid into Court in his hands, and now belonging to any party liable for costs in this cause, to the payment of their costs, or a sufficiency thereof to pay such costs as may be included in this order or judgment."

Thomas H. Croft then gave notice of appeal from the orders above recited. The grounds of appeal from the order of Judge Thomas are as follows:

1. Because said order conflicts with the decree of the Supreme Court and is erroneous.

2. Because said order failed to carry out the decree of the Supreme Court.

Those from the order of Judge Mackey are as follows:

1. Because the appeal referred to, having prevailed to set aside the orders appealed from, the presiding Judge, it is respectfully submitted, in his said order of the 11th of March, 1875, erred in

ruling that the appellant's motion was refused by the Supreme Court.

2. Because said order is, in other respects, erroneous.

*Moore*, for appellant.

*Allison*, contra.

March 15, 1876. The opinion of the Court was delivered by

Moses, C. J. It is beyond question that the decision of the Court in this long-contested case, filed February 18, 1875, declared all the orders made by the Circuit Court subsequent to that by Judge Thomas of October 11, 1870, irregular, and by its terms vacated them. The conclusion of the Court in effect sustained the motion then submitted by the appellant. Though the said order of October 11, 1870, was also irregular, it was left of force only because no appeal had been taken from it.

The Circuit Judge, therefore, did not draw the proper conclusion from the judgment of this Court, when, in his order of March 11, 1875, he therein recited that "the Supreme Court had refused the motion of the appellant," and under that assumption made the order last referred to.

It is not denied that the fifty dollars now in the hands of the Court is the *pro rata* share of the $206.64 applicable to the judgment of Chafee, St. Amand & Croft against Sizer by the decree of this Court in the said case.—2 S. C., 66. We concur with the view of the counsel for the respondents that, no matter how the other judgments of the same rank against Sizer have been paid, the appellants can claim no larger proportion of the balance in the hands of the respondents than that fixed by the decree. Whether paid by them, or any one for or on their account, their interest in the fund can neither be increased or diminished thereby.

The same reasons which induced the Court, by its order of the 18th of February, 1875, to set aside the Circuit orders then brought for its review, must now operate to declare void the order of March 11, 1875. As long as that of Judge Thomas stood, it remained of active force, if the appellants thought fit to regard it by not seeking its reversal by appeal. It certainly did not carry out the mandate of this Court; but if the parties rested quiet, with full notice of the erroneous construction which the Circuit Judge gave to it

by his said order, it is too late for the appellant to seek relief by the motion which he now prefers. There is another matter which confirms our view in regard to the right claimed by the appellant. After the order of October 11, 1870, he appealed from other orders subsequently made, to wit, that of February 28, 1874, and that of May 22, 1874, and these were passed upon by this Court in its judgment of February 18, 1875, already referred to. After thus omitting to appeal from the order of Judge Thomas, how can they be permitted to refer back to it and now make it the subject of complaint? His last appeal, excluding a previous order from which he may have claimed relief, but refrained from doing so, is an implied admission that in his view he was without proper cause of exception to it.

The motion to set aside the order of October 11, 1870, is dismissed, but granted as to that of March 11, 1876.

*Wright,* A. J., and *Willard,* A. J., concurred.